COURT OF APPEALS OF VIRGINIA

Present:    Judges Elder, Kelsey and Powell
Argued at Chesapeake, Virginia

RICHARD E. ROBINSON

                                                                    MEMORANDUM OPINION*
v.        Record No. 0792-10-2                                      PER CURIAM
                                                                    JULY 19, 2011
COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Beverly W. Snukals, Judge

               Patricia Palmer Nagel for appellant.

               Alice T. Armstrong, Assistant Attorney General II (Kenneth T.
               Cuccinelli, II, Attorney General, on brief), for appellee.


        A jury convicted Richard E. Robinson of three felony counts of dog fighting.  See Code

§ 3.2-6571.  On appeal, Robinson asserts the "trial court erred in failing to dismiss two of the

three felony indictments, based upon a violation of the Double Jeopardy Clause of the Federal

and State Constitutions."  Appellant's Br. at 1.  We disagree and affirm.

        On the morning of Robinson's jury trial, his counsel filed a motion to dismiss two of the

indictments as violative of his double jeopardy rights.  See Motion to Quash and to Elect to

Proceed (filed Dec. 15, 2010).  Without addressing the merits of Robinson's argument, the trial

court denied the motion as untimely under Code § 19.2-266.2, which requires a defendant to file

the motion at least seven days before trial.  See Williams v. Commonwealth, 57 Va. App. 750,

768 n.4, 706 S.E.2d 530, 539 n.4 (2011) (applying Code § 19.2-266.2 to motions to dismiss on

double jeopardy grounds).  Counsel admitted she was unfamiliar with Code § 19.2-266.2 and

_____

        * Pursuant to code § 17.1-413, this opinion is not designated for publication

offered no persuasive explanation for waiting until the morning of trial to file the motion.[1] The court found no showing of "good cause" or any "interest of justice" sufficient to excuse the delay. See Code § 19.2-266.2(B). When Robinson's counsel renewed the motion during and after trial, the court reaffirmed its earlier ruling that the double jeopardy motion was untimely.

Whether "good cause" and the "interest of justice" exist under Code § 19.2-266.2(B) is a question committed to the sound discretion of the trial court. "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009) (quoting in parenthetical Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743 (2005)). Nothing in the trial court record, the petition for appeal, the appellant's brief, or the oral arguments before us suggests the trial court abused its discretion in applying Code § 19.2-266.2. See Williams, 57 Va. App. at 768 n.4, 706 S.E.2d at 539 n.4. We thus affirm Robinson's convictions.[2]

Affirmed.

---

[1] Robinson was represented by other counsel at his jury trial.

[2] After oral argument, Robinson filed a Motion for Leave of Court to File a Supplemental Brief (June 8, 2011). We deny that motion.